IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00414-EWN-MJW

ROBERT J. LANDRUM,

Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT, INC., et al.,

Defendant.

**RECOMMENDATION ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT [sic] AND SUMMARY
JUDGEMENT [sic] BY DEFAULT (Docket No. 28)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the undersigned pursuant to a General Order of Reference to United States Magistrate Judge (Including Dispositive Motions) issued by Chief Judge Edward W. Nottingham on April 24, 2008 (Docket No. 16).

Before the court for a report and recommendation is the pro se incarcerated plaintiff's Motion for Summary Judgement [sic] and Summary Judgement [sic] by Default (Docket No. 28). In that motion, plaintiff asserts the following. He has "sent and served a copy of the complaint to the defendant and or defendants attorney in the month of February, 2008." (Docket No. 28 at 1, ¶ 1). He was notified about the Order Granting Service by United States Marshal, which was mailed on April 25, 2008. He seeks a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure because "[t]he defendant and or their attorney has had addequate [sic] time to make a

proper response to the plaintiffs [sic] complaint . . . ." (Docket No. 28 at 1, ¶ 3). In addition, "Plaintiff also request for SUMMARY JUDGEMENT [sic] pursuant to FRCP [sic] Rule 56.(a) . . . ." (Docket No. 28 at 1, ¶ 4). His attached affidavit in support of his summary judgment motion, however, merely states that plaintiff has "made three request [sic] for discovery and a recent motion for discovery to the defendants [sic] attorney and has recieved [sic] no response. . . . plaintiff is aware that the courts has recieved [sic] no response from the defendants or their attorneyabout [sic] the complaint filed against them. . . . Plaintiff is requesting for a SUMMARY JUDGEMENT [sic] against the defendants because the defendants is [sic] in default." (Docket No. 29).

This court finds that the plaintiff's motion, which in essence is a motion for entry of default and for default judgment, is premature inasmuch as the docket reflects the following. Although the plaintiff states in his motion that he has "sent and served" a copy of the complaint to the defendant and defendant's attorney, plaintiff has not filed proof of service, nor has he provided any information in his motion that would enable this court to find that service on the defendants was properly effected. Furthermore, on April 24, 2008, Judge Nottingham issued an Order Granting Service by United States Marshal. (Docket No. 17 - filed on April 25, 2008). Nevertheless, the docket does not reflect that service has yet been made on defendant Correctional Healthcare Management, Inc. In addition, the docket reflects that the U.S. Marshal was unable to effect service on defendant Dr. Dehler. The return of service for defendant Dehler includes a notation that the defendant is "no longer employed w/JEFCO DET FA." (Docket No. 24). Plaintiff has apparently not provided the court and/or the U.S. Marshal Service with an updated address for Dr. Dehler, and thus service has not been and

cannot be completed by the Marshal Service on that defendant. Furthermore, returns of service for defendants Kilough and Vanburen indicate that the Marshal effected service on both of them on May 2, 2008, and the answers for those two defendants are not due until July 1, 2008. (Docket Nos. 22 and 23). Based upon this information, the court finds that the plaintiff's motion is premature.

Furthermore, plaintiff has not established the absence of a genuine issue of material fact so as to warrant summary judgment in his favor at this time. Finally, plaintiff has yet to establish that he has made a proper discovery request of the defendants so as to warrant the issuance of an order compelling defendants to respond, let alone the imposition of the extreme sanction of judgment in plaintiff's favor.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the plaintiff's Motion for Summary Judgement [sic] and Summary Judgement [sic] by Default (Docket No. 28) be denied.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411,**

**1412-13 (10th Cir. 1996).**

Dated:   June 2 , 2008        s/ Michael J. Watanabe
         Denver, Colorado     Michael J. Watanabe
                              United States Magistrate Judge