IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00414-EWN-MJW

ROBERT J. LANDRUM,

Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT, INC., et al.,

Defendant.

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, without payment of an initial partial filing fee. (Docket No. 2). The Order states, in part, the following:

> [t]he Prisoner's Motion and Affidavit for Leave to Proceed
> Pursuant to 28 U.S.C. § 1915 is granted. Plaintiff shall be
> required to pay the full amount of the required $350.00 filing
> fee pursuant to § 1915(b)(1) regardless of the outcome of
> this actions. It is
>
> FURTHER ORDERED that the Plaintiff shall not be required
> to pay an initial partial filing fee. It is
>
> FURTHER ORDERED that, until the $350.00 filing fee is paid in full,
> Plaintiff is required to make monthly payments of twenty percent
> (20%) of the preceding month's income credited to his trust fund
> account or to show cause each month why he has no assets and
> no means by which to make the monthly payment. In order to show
> cause, Plaintiff must file a current certified copy of his trust fund
> account statement. Plaintiff is directed to make the necessary
> arrangements to have each monthly payment identified by the civil

> action number on this order. It is
>
> FURTHER ORDERED that if within the time allowed Plaintiff fails to have each monthly payment sent to the clerk of the court or to show cause as directed above why he has no assets and no means by which to make a monthly payment, the Prisoner Complaint will be dismissed without further notice.

*Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915* (Docket No. 2, filed on February 28, 2008).

Despite the clear directives of that order, plaintiff has not made any monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account, nor has he shown cause each month why he has no assets and no means by which to make the monthly payment.

Section 1915(b)(2), 28 U.S.C., requires that a prisoner "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending of that income. Harris v. Colorado Dept. of Corrections, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000). The prisoner cannot voluntarily spend his income and then claim that he is without assets to satisfy his federal court filing fee obligations. Such a rule would invite prisoners to fritter away their monthly income rather than pay the filing fees they have incurred.

Therefore, on or before **June 23, 2008,** the plaintiff must either make the required monthly payments or show cause why he cannot.

It is not acceptable for plaintiff to meet his monthly obligations only when

specifically called upon by the court through an order to pay or show cause. Such a procedure unreasonably burdens the court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments."). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis* entered February 28, 2008.

IT IS ORDERED that on or before **June 23, 2008**, plaintiff shall make the required monthly payments for March, April, May, and June 2008 or show cause why he cannot.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment.

Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

    IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this civil action may very well be dismissed without further notice.

DATED: June 4, 2008

BY THE COURT:

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge