IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00414-MSK-MJW

ROBERT J. LANDRUM,

Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
CLAUDIA VAN BUREN, Registered Nurce [sic] (RN),
      Health Care Services Administrator,
MEDICAL DOCTOR, DR. DEHLER,
MATT KILOUGH, Physicians Assistant (PA),

      Individually and in their official capacities to include their successors,

Defendants.

---

## RECOMMENDATION ON
## MATT KILOUGH, CLAUDIA VAN BUREN, AND CORRECTIONAL HEALTHCARE
## MANAGEMENT, INC.'S MOTION TO DISMISS (Docket No. 43)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

      This matter is before the undersigned pursuant to a General Order of Reference to United States Magistrate Judge (Including Dispositive Motions) issued by Chief Judge Edward W. Nottingham on April 24, 2008 (Docket No. 16). The case was subsequently reassigned to Judge Marcia S. Krieger. (Docket No. 63).

      Before the court for a report and recommendation is Matt Kilough, Claudia Van Buren, and Correctional Healthcare Management, Inc.'s Motion to Dismiss (Docket No. 43). Plaintiff filed a response (Docket No. 52), and the moving defendants filed a reply (Docket No. 56). The court has carefully considered these motion papers as well as the

court's file and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions, and recommendation.

In his Amended Prisoner Complaint (Docket No. 9), the pro se plaintiff names the following four defendants and their addresses: (1) Correctional Healthcare Management, Inc. Medical and Healthcare Insurance, 1145 W. Diversey Parkway, Chicago, Illinois 60614-1318; (2) Claudia Van Buren, Registered Nurse and Healthcare Services Administrator for the jail inmates, 200 Jefferson County Parkway, Golden, Colorado 80401; (3) Doctor Dehler, Medical Doctor, 200 Jefferson County Parkway, Golden, Colorado 80401; and (4) Matt Kilough, Physicians Assistant, 200 Jefferson County Parkway, Denver, Colorado 80401. Plaintiff notes along with the addresses of the latter three defendants that they are employed by Correctional Healthcare Management, Inc., and are contracted to the Jefferson County Sheriff's Office ("JCSO") to provide medical and healthcare to jail inmates. (Docket No. 9 at 2-3).

On April 24, 2008, Judge Nottingham issued an Order Granting Service by United States Marshal. (Docket No. 17). In that Order, the court noted that it had granted the plaintiff leave to proceed *in forma pauperis* and

> ORDERED that, if appropriate, the Clerk shall attempt to obtain a waiver of service from the defendants. If unable to do so, the United States Marshal shall serve a copy of the complaint, summons, order granting leave to proceed pursuant to 28 U.S.C. § 1915, and all other orders upon the defendants. If appropriate, the marshal shall first attempt to obtain a waiver of service of these documents pursuant to Fed. R. Civ. P. 4(d). All costs of service shall be advanced by the United States.

(Docket No. 17 at 1).

Subsequently, the U.S. Marshal Service filed four separate Process Receipt and Return forms.  The first form, concerning defendant Matt Kilough, noted that Michael B. Fish, Detention Services Manager, JCSO Det. Facility, was personally served on May 2, 2008, at 200 Jefferson County Parkway, Golden, CO 80401.  (Docket No. 22).  The second form, concerning defendant Claudia Van Buren, noted that Lt. James Lucas, Professional Development Section, JCSO Det. Facility, was also personally served on May 2, 2008.  (Docket No. 23).  The third form, concerning defendant Doctor Dehler, was returned with a statement checked off which indicates that the U.S Marshal Service was unable to locate the individual, noting that the defendant was "no longer employed w/JCSO Det Fac. NFI."  (Docket No. 24).  The fourth form, concerning defendant Correctional Healthcare Management, Inc., noted that Lauren Bauer was personally served on June 3, 2008.  (Docket No. 42).

Defendants Kilough, Van Buren, and Correctional Healthcare move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5), asserting that plaintiff "has utterly failed to properly serve any purported Defendant in this matter." (Docket No. 43 at 1).  In addition, they contend that plaintiff has failed to complete service on any purported defendant within the time frame set forth in Fed. R. Civ. P. 4(m).[1]

---

[1]Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court-one motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

More specifically, the moving defendants correctly assert the following. Personal service was not effectuated upon defendants Kilough and Van Buren pursuant to Fed. R. Civ. P. 4(e) because they are not employees of the Jefferson County Detention Facility and thus service upon Mr. Fish and Lt. Lucas, who accepted the summons and Amended Prisoner Complaint, was improper. Furthermore, with regard to defendant Correctional Healthcare Management, Inc., the U.S. Marshal Service left a copy of the summons and Amended Prisoner Complaint with Lauren Bauer at 1145 W. Diversey Parkway, Chicago, Illinois 60614, which was the address plaintiff provided for defendant Correctional Healthcare Management, Inc., in his Amended Prisoner Complaint. Defendants, however, assert that defendant Correctional Healthcare Management, Inc., does not do business at that Chicago address. Instead, they note that their research indicates that the National Commission on Correctional Health Care is actually the business located at that address. While this business has a similar name, according to defendants it is not and is not affiliated with Correctional Healthcare Management, Inc. Therefore, defendants correctly assert that Lauren Bauer did not and indeed could not accept service of process on behalf of defendant Correctional Healthcare Management, Inc. Consequently, this service is void.

The defendants further note, as stated above, that defendant Dr. Dehler was unable to be served at the Jefferson County Detention Facility. The return of service form indicates that Dehler is no longer employed at that facility, and there is a notation "NFI" (Docket No. 24), which the court is surmising may mean "no further information."

---

Fed. R. Civ. P. 4(m).

The question thus arises as to whether the Amended Prisoner Complaint should be dismissed without prejudice at this time because none of the named defendants have been properly served and because they have not been served within the time period provided in Fed. R. Civ. P. 4(m).  Defendants seek such relief.  However, given the fact that the plaintiff is proceeding without counsel and moreover due to the fact that the plaintiff is relying on the U.S. Marshal Service to serve defendants properly, the court recommends the following.  Defendants' motion should be denied without prejudice.  The U.S. Marshal Service should be directed to serve defendants Kilough and Van Buren again, with the advisement that these two defendants are not employees of the JCSO and instead, as alleged by plaintiff in his Amended Prisoner Complaint, are employees of Correctional Healthcare Management, Inc.  Furthermore, plaintiff should be given a reasonable period of time, i.e., 30 days, to provide the court with the proper address for defendant Correctional Healthcare Management, Inc., and a current address for defendant Dr. Dehler, otherwise the court would then dismiss the Amended Prisoner Complaint without prejudice with respect to those defendants for which a correct, current address is not provided as directed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Matt Kilough, Claudia Van Buren, and Correctional Healthcare Management, Inc.'s Motion to Dismiss (Docket No. 43) be denied without prejudice.  It is further

**RECOMMENDED** that the U.S. Marshal Service be directed to serve defendants Kilough and Van Buren again, with the advisement to the U.S. Marshal Service that

these two defendants are not employees of the JCSO and instead, as alleged by plaintiff in his Amended Prisoner Complaint, are employees of Correctional Healthcare Management, Inc. Furthermore, plaintiff should be given a reasonable period of time, i.e., 30 days, to provide the court with the proper address for defendant Correctional Healthcare Management, Inc., and a current address for defendant Dr. Dehler, otherwise the court would then dismiss the Amended Prisoner Complaint without prejudice with respect to those defendants for which a correct, current address is not provided as directed.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: December 5, 2008          s/ Michael J. Watanabe
     Denver, Colorado          Michael J. Watanabe
                                             United States Magistrate Judge