IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00414-MSK-MJW

ROBERT J. LANDRUM,

    Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,
CLAUDIA VANBUREN,
DR. DEHLER, and
MATT KILOUGH,

    Defendants.

---

**OPINION AND ORDER ADOPTING RECOMMENDATIONS AND DENYING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Objections **(# 40)** to the June 2, 2008 Recommendation **(# 33)** by United States Magistrate Judge Michael J. Watanabe that the Plaintiff's Motion for Summary Judgment **(# 28)** be denied; the Plaintiff's (Second) Motion for Summary Judgment **(# 64)**, and the Defendants' response **(# 68)**; and the Magistrate Judge's December 5, 2008 Recommendation **(# 66)** that the Defendants' Motion to Dismiss **(# 43)** be denied.

The substantive allegations in the Amended Complaint **(# 9)** are not germane to this motion, and it is sufficient to note that the Plaintiff *pro se*, an inmate of the Jefferson County Jail, alleges that the Defendants violated his rights under the 8th Amendment to the U.S. Constitution by manifesting deliberate indifference to his medical needs.

1

On April 25, 2008, Judge Nottingham directed **(# 17)** that the U.S. Marshal attempt service on each of the Defendants. On May 16, 2008, the Marshal filed returns of service for Defendant Kilough **(# 22)** and Defendant Vanburen **(# 23)**. In Mr. Kilough's case, the Marshal indicated that service had been made by leaving the Summons and Complaint with Michael B. Fish, Detention Services Manager for the Jefferson County Sheriff's Office.; with Ms. Vanburen, service was delivered to James Lucas at the Jefferson County Detention Facility. A return of service for Defendant Dehler **(# 24)** was returned unexecuted, with a notation that this Defendant was no longer employed by the Jefferson County Sheriff's Office. A few weeks later, a return of service for Defendant Correctional Healthcare Management **(# 42)** was filed, indicating that this Defendant had been served by mail at an address in Chicago, Illinois.

The Plaintiff promptly filed a Motion for Summary Judgment **(# 28)**, arguing that the Defendants had been served, but had not responded to the Amended Complaint and were therefore in default. On June 2, 2008, the Magistrate Judge issued a Recommendation **(# 33)** that the Plaintiff's motion be denied. Among other things, the Magistrate Judge noted that service had not yet been completed on Defendant Dehler and Correctional Healthcare Management, and that the time for responding to the Amended Complaint for Defendants Kilough and Vanburen had not yet run. On June 17, 2008, the Plaintiff filed timely Objections **(# 40)** to the Magistrate Judge's Recommendation. The Objections consist of three statements by the Plaintiff: (i) that he had not received the return of service from the Marshal, and thus, "can not provide the proof that the courts are requesting"; (ii) that the Plaintiff was unaware of Defendant Dehler's termination, and that the Plaintiff cannot provide a current address at which to serve him; and (iii) that the Plaintiff "did in fact serve a Summons & Complaint upon his own self" in February 2007.

The Defendants (other than Defendant Dehler, who has not been served and never appeared in this matter in any capacity) moved to dismiss **(# 43)** the claims against them. Mr. Kilough and Ms. Vanburen argued that the service upon them at the Jefferson County Sheriff's Office/Detention Center was ineffective under Fed. R. Civ. P. 4(e)(2), in that service was not made upon them personally, at their place of abode, or with a designated agent. Further, they argued that service upon them at their workplace was ineffective under C.R.C.P. 4(e)(1) (incorporated via Fed. R. Civ. P. 4(e)(1)), because they were not employees of the Jefferson County Sheriff's Office and the persons receiving the process were not those designated in C.R.C.P. 4(e)(1). As to Defendant Correctional Healthcare Management, the Defendants argued that the business does not operate out of the Chicago location where service was effected. Further, they argue that because the Plaintiff has not effected proper service within the time specified by Fed. R. Civ. P. 4(m), the Amended Complaint should be dismissed.

On December 5, 2008, the Magistrate Judge recommended **(# 66)** that the Defendants' motion be denied. Specifically, he found that although the Defendants were correct that they had not been properly served, relief in the form of dismissal was inappropriate. Citing the Plaintiff's reliance upon the U.S. Marshal for service, the Magistrate Judge recommended that the Marshal be directed to reattempt service upon Defendants Kilough and Vanburen with the advisement that they are employees of Correctional Healthcare Management, not Jefferson County. In addition, the Magistrate Judge recommended that the Plaintiff be given 30 days to provide the Court with an address at which to attempt service on Correctional Healthcare Management and Defendant Dehler, barring which dismissal without prejudice as to those Defendants would be appropriate. No party filed Objections to this Recommendation under Rule 72(b), but on

3

December 30, 2008, the Plaintiff wrote **(# 73)** to the Court, supplying an address for service upon Correctional Healthcare Management and acknowledging that he was unable to locate an address for Defendant Dehler and thus, the claims against Defendant Dehler should be dismissed without prejudice.

Finally, on December 4, 2008, the Plaintiff filed a second Motion for Summary Judgment **(# 64)**. In all material respects, this motion sought the same relief for the same reasons as the Plaintiff's prior motion.

As to the Magistrate Judge's June 2, 2008 Recommendation (regarding the Plaintiff's Motion for Summary Judgment), the Plaintiff filed timely objections, and thus, the Court reviews the objected-to portions of the Recommendation *de novo*. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). As to the December 5, 2008 Recommendation (regarding the Defendants' Motion to Dismiss), no party filed objections. Where no party files objections to a recommendation, the Court applies whatever standard of review to that recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). This Court has reviewed that recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

Upon a *de novo* review of the June 2, 2008 Recommendation, the Court nevertheless reaches the same conclusions as Magistrate Judge Watanabe, and for the same reasons. Of the three "objections" raised by the Plaintiff, only the third purports to dispute the conclusion reached by the Magistrate Judge. Assuming that objection is construed to contend that the Plaintiff attempted to serve the Defendants by mail in February 2008, such an allegation is meaningless, as Fed. R. Civ. P. 4 does not authorize service of process to be made by mail. *C.f.* Fed. R. Civ. P. 4(d)(1)(G) (permitting party to request by mail that defendant waive formal

4

service). Accordingly, upon *de novo* review, the Court adopts the June 2, 2008 Recommendation in its entirety. For the same reasons, the Plaintiff's second Motion for Summary Judgment is denied.

Similarly, even upon *de novo* review, the Court adopts, in all material respects, the terms of the December 5, 2008 Recommendation. Although the Court agrees with Magistrate Judge Watanabe that service upon the Defendants was defective, it finds it appropriate to place temporal limitations on all further attempts at service. This case is nearly a year old, and the Plaintiff has had notice for more than six months that service may have been ineffective. Although the Court recognizes that the Plaintiff's incarceration makes it difficult to monitor the effectiveness of service and places him at the mercy of the Marshal with respect to service of process, it also notes that the Defendants are entitled to either be properly served with process or dismissed from the action. Fed. R. Civ. P. 4(m) sets a presumptive limit of 120 days from the commencement of the action for that to occur. The Plaintiff has enjoyed (and the Defendants suffered) almost a full tripling of that period. If service is to be made at all, it shall be made promptly.

The Magistrate Judge suggested that the Plaintiff be given 30 days to produce an address at which service upon Correctional Healthcare Management should be attempted, and the Plaintiff has since done so. The Court directs that the Marshal attempt service at that address and, if such service is unsuccessful, the claims against Correctional Healthcare Management shall be dismissed without prejudice. The Magistrate Judge did not set a deadline for the Marshal to reattempt service upon Defendants Kilough and Vanburen. The Court directs that the Marshal shall reattempt service on those Defendants mindful that they are employees of

Correctional Healthcare Management, not Jefferson County. To the extent that the Plaintiff wishes to supply the Marshal with additional information about these Defendants that may assist in promptly effectuating service upon them, he may do so. However, if proper service upon these Defendants is not effectuated within 20 days, the Court will dismiss the claims against them without prejudice pursuant to Fed. R. Civ. P. 4(m).

Accordingly, the Court **OVERRULES** the Plaintiff's Objections **(# 40)** and **ADOPTS** the June 2, 2008 Recommendation **(# 33)** in its entirety. The Plaintiff's Motion for Summary Judgment **(# 28)** is **DENIED**. The Plaintiff's second Motion for Summary Judgment **(# 64)** is **DENIED**. The Court **ADOPTS** the Magistrate Judge's December 5, 2008 Recommendation **(#66)**. The Defendants' Motion to Dismiss **(# 43)** is **DENIED**. Pursuant to the Plaintiff's Letter **(# 73)** of December 20, 2008, the claims against Defendant Dehler are **DISMISSED** without prejudice.

Within 20 days of the date of this Order, the United States Marshal shall re-attempt to effectuate service on Defendants Vanburen and Kilough, mindful of the fact that they are employed by Correctional Healthcare Management, Inc. and not Jefferson County. To the extent the Plaintiff has information that can assist the Marshal in attempting such service, he is free to provide it. The Marshal shall re-attempt to effect service on Correctional Healthcare Management, Inc. at the address supplied by the Plaintiff: 8484 S. Valley Hwy., Suite 250, Englewood, Colorado 80112, within 20 days of the date of this Order. Should service not be

effected on any of the Defendants within this time period, the Court will entertain a motion to dismiss pursuant to Fed. R. Civ. P. 4(m). The Clerk of the Court shall supply the United States Marshal with a copy of this Order.

Dated this 2nd day of february, 2009

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge